**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CARLOS DE JESUS SANCHEZ-ZABALETA, | Nos.   19-71231 |
| Petitioner, | Agency No. A202-014-623 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2020**
Pasadena, California

Before:  THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit Judges.

Carlos De Jesus Sanchez-Zabaleta, a native and citizen of Guatemala,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

affirming the immigration judge's ("IJ") decision denying Sanchez-Zabaleta's

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection against the Convention Against Torture ("CAT"). We deny the petition for review.

1. Sanchez-Zabaleta filed his application for asylum outside the statutory time limitation, and there is nothing in the record to excuse this delay. *See* 8 U.S.C. § 1158(a)(2)(B). Additionally, substantial evidence supports the BIA's determination that Sanchez-Zabaleta did not establish a causal nexus between any harm and a protected ground. *See Hu v. Holder*, 652 F.3d 1011, 1017 (9th Cir. 2011) (petitioner establishes a causal nexus when he demonstrates that the protected ground "'was at least one central reason' for his mistreatment.") (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). The record supports the IJ's conclusion that, at most, Sanchez-Zabaleta has established that he was targeted for his resistance to gang recruitment, and we have held "that young men in Guatemala who resist gang recruitment" do not constitute a cognizable social group. *Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009). Therefore, the BIA properly affirmed the IJ's denial of Sanchez-Zabaleta's asylum application.

2. Given that the BIA properly affirmed the IJ's denial of Sanchez-Zabaleta's asylum application, it follows that Sanchez-Zabaleta did not satisfy the higher standard to qualify for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

2

3. Substantial evidence supports the BIA's conclusion that the IJ properly denied Sanchez-Zabaleta's application for relief under the CAT. To qualify for relief under the CAT, the petitioner must show that if they are removed it is "more likely than not" that they will be tortured, 8 C.F.R. § 1208.17(a), either "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," *id.* § 1208.18(a)(1). There is nothing in the record to indicate that Sanchez-Zabaleta experienced past torture. Further, the record supports the conclusion that Sanchez-Zabaleta did not demonstrate a clear probability that he would be tortured if returned to Guatemala.

4. The record demonstrates that Sanchez-Zabaleta's due process rights were not violated. Sanchez-Zabaleta had the opportunity to present evidence, and nothing in the record indicates the IJ was biased against him. Adverse rulings are not evidence of bias.

**PETITION DENIED.**